Smith, J.
Qn the evidence submitted in this case we think the plain *428 tiff is entitled to the relief sought.1 ' We have no ’doubt' " but that the original mortgage, executed -by George : Fox') and Eliza J. Fox, then "his -wife, on May 81, 1881, to:i Joseph D. Taylor, to secure three notes' of that date — on© for $.2,000, and the other two for $10,000 each — all payable'to said Taylor, was founded on a good and valuable con-' sideration, viz.that the separate property of the wife was "' to 'be used in paying the debts of the Starch® Company for | which the husband was liable, and that a very large amount, of her property was in fact used for that purpose at the instance and request of her husband. The mortgage and notes so made to Taylor were in effect to him as trustee for his wife. The $2,000 noté was turned over to his (Fox’s) attorneys for services, and the two notes for $10,000 each were intended to secure Mrs. Fox for the advances subse- : quently made from her estate and property for the purpose aforesaid. During her life these two notes were turned over and assigned by Taylortó Mrs. Fox, and some part of the mortgaged property having been sold, various payments, out of the purchase money received were made to her.
On the death of Mrs. Fox, the two notes were, with the knowledge and consent of George Fox, treated as th© property of her estate, and were inventoried as such by Mr. Taylor, who.had been appointed administrator of her estate. After this, on February 18, 1887, in view of the-fact'that payments had been made to Mrs. Fox on these notes, and it appearing to be conceded by all parties in interest that one of the notes for $10,000 was still unpaid,. Geo. Fox executed a new mortgage (the one sued on in this case) to Mr. Taylor, as the administrator of the estate of his deceased wife, to secure the payment of one of the $10,000 notes; and the old ihortgage was released and canceled, the|Tmortgagor thus again acknowledging the justice- and validity of so much of the original claim, and that it was due and unpaid. After this Taylor indorsed the note- *429 and the last mortgage to the three children of Mrs. Fox, of whom the plaintiff was one, and the other two afterwards transferred their interests therein to the plaintiff who ndw owns the whole thereof.
After the death of Mrs. Eliza J. Fox, and after these transactions, viz,, on March 14, 1895, George Fox, who had married the defendant Edith K. Fox,executed to her a deed for the property covered by this last mortgage and for other real estate described in the said deed. It was an ordinary deed in fee simple, with covenant's of general warranty, except that immediately following the covenants is •this statement:
“Lots 555 and 556 of Van .Horn’s subdivision of William Baker’s estate-.are subjeit to a mortgage recorded in Mortgage Book 612, page- 135, to Thos. J. Emery and John J. Emery, and said lots 16, 17, 18, 22 and the south thirteen feet off of lot 21 are subject to a mortgage made by said George Fox to Joseph D. Taylor, administrator of Eliza J. Fox, deceased, recorded in Mortgage 600^-525, page 259, which .mortgage has been ’ assigned by said Joseph D. Taylor, administrator, to Annie Fox Taylor, C, F. Stambach and Edna B. Fox, and such grantor expressly agrees to pay off and remove all of said encumbrances from all of said real estate.’’
It is the claim of the plaintiff that this statement and recital in the deed under which Mrs. Edith K. Fox holds her title to the property mortgaged to Taylor, administrator, by George Fox, estops her from denying the validity of the mortgage sued on, as it is an express recognition of the validity thereof, and that, claiming under thefcleed which contains this recognition of the mortgage, she took her title subject thereto, and cannot now legally] claim ]*that thóre was no consideration therefor, or that the] mortgage is in any way defective.
With the view we have taken of this case, we think, it is not necessary, that we.should express an opinion as to this. *430 We have found that there was a good, sufficient and valuable consideration for both of the mortgages given to Taylor by Mt. Fox, and we are further of the opinion that the mortgage given to Taylor, as administrator, being the one sued on in this case, is not to be held as simply a mortgage to Taylor for his lifetime, or that of a successor in the trust, but that it operated as a conveyance by way of mortgage of the whole title of Fox to the land mortgaged.
The facts as to this mortgage are these: The first one was to Taylor, his heirs and assigns forever, and was clearly a mortgage of the whole estate. The second (the one sued on) granted, bargained, sold and conveyed the premises “to the said Joseph D. Taylor,administrator as aforesaid,his successors and assigns forever.: ’ It had previously described him as “administrator of the estate of Eliza J. Fox, deceased,” and it conveyed all the estate, title and interest of the said George Fox, either in law or in equity of, in and to the said premises; together with all the privileges and appurtenances to the same belonging, and all the rents, issues and profits thereof; to have and to hold the same to the only proper use of the said administrator, his successors and assigns forever.” Then follow the covenants of seizin and general warranty (except a mortgage to H. W. Taylor), made with said Joseph D. Taylor, administrator as áforesaid, his successors and assigns;” and after this the defeasance clause in the ordinary form.
It will be noticed that in all of these clauses of conveyance or warranty the word “‘heirs” is not used in connection with the grantee or mortgagee. The grant is to him as ■administrator, and to “his successors and assigns forever.” ■And for this reason it is claimed by the counsel for the defendant, Mrs. Fox, that a fee simple title was not mortgaged.
In view of the holdings of the supreme court of this stafe *431 in the cases of Brown v. Bank, 44 Ohio St., 269, and Bank v. Johnson, 47 Ohio St., 306, we are of the opinion that this claim is not well founded. In the first of the two cases cited, the court hold:
“1. By a well established general rule the use of the word ‘heirs,’ or other appropriate words of perpetuity,in a mortgage or other deed of conveyance of lands, is essential to pass a fee simple estate; but this is notan inflexible rule, admitting of no exception or qualification.
“2. Where the language employed in, and the recitals and considerations of a mortgage plainly evidence an intention to pass the entire estate of the mortgagor as security for the mortgage debt, and the express provisions of the instrument cannot bo otherwise carried into effect, it will be construed to pass such estate although the word ‘heirs’, or other formal word of perpetuity, is not employed.”
In the case at bar we think this intention to pass the entire estate of the mortgagor as security for the mortgage debt appears as clearly as it did in the Brown case, and that the express provisions of the instrument cannot otherwise be carried into effect, unless this intention is carried out, and therefore it must be held to have conveyed all of the estate of the mortgagor.
In Bank v. Johnson, supra, where an action was brought to foreclose a mortgage given to a partnership under its firm name, ‘‘The New Vienna Bank,” and where the conveyance was ‘‘to the said New Vienna Bank, its successors and assigns forever,” without other words of limitation, it was held that:
‘‘A mortgage upon real estate made by a partnership in its firm name to secure an indebtedness to it, duly executed and recorded as required by statute, constitutes a valid lien upon the property in favor of the firm, as a security for the indebtedness to it.”
. It is true that the court in this case did not allude to the question whether the mortgage deed conveyed the whole interest of the mortgagee therein for the security of the *432 debt. It rather appears .as if it, was taken for granted that it did, as if is stated that such a mortgage constitutes a Valid lien on the property for' the security of the debt. E>ut in the light of those cases, evidently modifying the sfrihgent rule of the common law, we are of the opinion that’ in this case we should hold that the whole estate of the mortgagor passed to he mortgagee and his assigns for the .security of this debt,
Maxwell & Ramsey, for the plaintiff.
Harmon, Colston, Goldsmith & Hoadly, contra.